UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMERICAN APPRAISAL ASSOCIATES, INC., ) ) ) | |
| Plaintiff, ) ) | No. 3:05-0168 |
| ) | JUDGE ECHOLS |
| v. ) ) | |
| DEVIN WEST d/b/a AMERICAN APPRAISAL, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Plaintiff's Notice and Application for Entry of Default Judgment and Permanent Injunction Against Defendant Devin West d/b/a American Appraisal (Docket Entry No. 19), to which no response has been filed.

### I. PROCEDURAL HISTORY

The Clerk entered default against the Defendant Devin West d/b/a American Appraisal pursuant to Federal Rule of Civil Procedure 55(a) on June 21, 2005. On Monday, November 28, 2005, the Court held a hearing at which the Plaintiff withdrew its request for monetary damages and for a permanent injunction in light of the parties' settlement of the case, and Plaintiff indicated it sought only attorney's fees and costs. The Court directed Plaintiff to file a supplemental declaration with detailed billing statements to support the attorney's fee and expense request, and Plaintiff complied.

1

Plaintiff seeks an award of attorney's fees and expenses in the total amount of $11,364.58. This amount includes attorney's fees of $10,476.00 allocated as follows: (1) $5,220.00 to attorney Gale Vaughn Ashworth of Gideon & Wiseman PLC, who served as local counsel for Plaintiff, for 26.1 hours at her usual and customary billing rate of $200.00 per hour; (2) $4,968.00 to attorney Amy V. Kossoris of Michael Best & Friedrich LLP, Milwaukee, Wisconsin, for 20.7 hours at her usual and customary billing rate of $240.00 per hour; and (3) $288.00 to attorney Jennifer L. Haluptzok of Michael Best & Friedrich LLP, for 1.8 hours at her usual and customary billing rate of $160.00. In addition, Plaintiff seeks total expenses in the amount of $888.58.

## II. STANDARD OF REVIEW

Under the Lanham Act, 15 U.S.C. § 1117(a), the Court may award reasonable attorney's fees to the prevailing party in "exceptional cases." This statute gives the Court discretion to determine whether an award of attorney's fees is warranted. Eagles, Ltd. v. American Eagle Foundation, 356 F.3d 724, 727-728 (6th Cir. 2004). A case is not "exceptional" unless the trademark infringement was malicious, fraudulent, willful, or deliberate. Id. at 728.

## III. ANALYSIS

In the Complaint Plaintiff alleged it has conducted business under the name "American Appraisal" for more than one hundred years, its name has been registered in the U.S. Patent and

2

Trademark Office since 1972, its trademarks have been federally registered since 1981 and 1987, and its marks are incontestable under 15 U.S.C. § 1065. Plaintiff further alleged that Defendant adopted the name, "American Appraisal," and directly competed with Plaintiff. In response, Plaintiff sent cease-and-desist letters to Defendant requesting that he stop his infringing use of Plaintiff's marks on April 25, 2003, July 23, 2003, August 27, 2003, September 24, 2004. Copies of these letters were appended to the Complaint. Plaintiff alleged that Defendant refused to cooperate and refused to cease his use of "American Appraisal," prompting this lawsuit.

Defendant's failure to respond to the Complaint and the Clerk's entry of default against him establish the allegations of the Complaint as undisputed facts. Thus, Plaintiff is the prevailing party, and this is an "exceptional case" because Defendant's infringement was willful and deliberate. See Eagles, Ltd., 356 F.3d at 727-728.

Having reviewed the attorneys' billing records, the Court finds the number of hours billed and the hourly rates requested are reasonable under the circumstances. See id. at 728. Thus, the Court will award Plaintiff the amount of $11,364.58 in attorney's fees and expenses, as requested.

## IV. CONCLUSION

Defendant failed to defend this suit. The allegations of the Complaint-that Defendant deliberately and willfully infringed

3

Plaintiff's trademarks-have been established through entry of dafault. This is an "exceptional case" under 15 U.S.C. § 1117(a), Plaintiff is the prevailing party, and Plaintiff's fee request is reasonable. Accordingly, the Court will enter default Judgment in favor of Plaintiff and against Defendant, and the Court will award Plaintiff $11,364.58 in attorney's fees and expenses.

An appropriate will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE